(72 Misc. Rep. 363.)

### UNTERBERG v. ELDER.

(Supreme Court, Appellate Term. June 29, 1911.)

INSURANCE (§ 129*)—POWER OF AGENT—JOINT POWER.

Though a power of attorney by underwriters to three attorneys recites that it is made by and between "each" of the parties of the first part (underwriters) and by and between "each" of the parties of the second part (the attorneys), yet it appearing throughout it and in every operative part of it that all the acts are to be done by the three attorneys jointly, as well the issuance of policies as other things, a policy issued by two only of the attorneys is not binding on the underwriters.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 251; Dec. Dig. § 129.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Israel Unterberg against Robert H. Elder. From a judgment for plaintiff, after a trial with a jury, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Michael F. O'Brien, for appellant.
Wendell P. Barker, for respondent.

BIJUR, J. This action is brought to recover a loss on a policy of insurance alleged to have been issued by defendant in pursuance of authority—a power of attorney—given by defendant. The instrument provided that the underwriters, of whom defendant was one, should be bound by a judgment rendered in an action against the attorneys, whom it required to be first sued before the underwriters could be held. The power of attorney appointed three persons, King, Fisk & Bremer, as attorneys. The action, the judgment roll of which was introduced in evidence, was brought against Bremer and Fisk alone; it appearing that the former firm of attorneys had been dissolved and that Bremer and Ring succeeded it as a new firm. The present complaint alleged that the policy sued upon was issued by Bremer and Ring, copartners doing business as Bremer, Fisk & Ring.

The sole question, therefore, presented upon this appeal, is whether by the terms of the power of attorney Bremer and Ring, or either of them, could exercise the powers (and thus bind the defendant) conferred by the instrument. It is true that the power of attorney recites that it is made "by and between *each* of the parties of the first part (underwriters) and by and between *each* of the parties of the second part (the attorneys); but throughout the instrument and in every operative part thereof it appears that all the acts are to be done by the three attorneys jointly, as well the issuance of policies as the receipt of premiums, the reporting and notification to underwriters, etc. See Hawley v. Keeler, 53 N. Y. 116; Kind v. Barry, 66 Misc. Rep. 188, 121 N. Y. Supp. 324.

Under the circumstances, it appears evident that the policy issued by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

but two of the attorneys was not one issued in compliance with the power, and is therefore not binding on the defendant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.