UNTERBERG v. ELDER.

(Supreme Court, Appellate Division, First Department.    March 22, 1912.)

1. PRINCIPAL AND AGENT (§ 92*)—POWER OF ATTORNEY—JOINT POWER.

A power of attorney given to two or more individuals is presumptively joint, unless the principal indicates a different intention.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 245, 246, 250–253; Dec. Dig. § 92.*]

2. INSURANCE (§ 129*)—POWER OF ATTORNEY—JOINT AND SEVERAL POWER.

A power of attorney by underwriters, "parties of the first part," to three attorneys, "parties of the second part," which recites that it is made by and between each of the parties of the first part and by and between each of the parties of the second part, and which authorizes the attorneys to issue fire policies, etc., gives to the attorneys a joint and several power to issue policies, and a policy issued by two of them is binding.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 180–182; Dec. Dig. § 129.*]

Ingraham, P. J., dissenting.

Appeal from Appellate Term.

Action by Israel Unterberg against Robert H. Elder. From a determination of the Appellate Term (72 Misc. Rep. 363, 130 N. Y.

Supp. 166), reversing a judgment of the Municipal Court for plaintiff and ordering a new trial, he appeals. Reversed, and judgment of Municipal Court affirmed.

See, also, 131 N. Y. Supp. 1126.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Wendell P. Barker, for appellant.

Michael F. O'Brien, for respondent.

SCOTT, J. This is an action to charge defendant as an underwriter upon a so-called Lloyds policy of fire insurance issued by Jefferson D. Bremer and Charles E. Ring, doing business under the firm name of Bremer, Fiske & Ring, acting or claiming to act as attorneys in fact for defendant, and 29 other underwriters at "New York & New England Underwriters at Lloyds of New York City."

Plaintiff has complied with the requirements of the policy in so far as to obtain a judgment against the attorneys, and, having failed in obtaining satisfaction of that judgment, now sues the individual underwriters for whom the attorneys purported to act. The defense turns upon a single point. The authority of the attorneys to act for the individual underwriters is contained in a power of attorney signed by the several underwriters. The power executed by defendant appoints three persons attorneys for him, to wit, Charles E. Ring, John A. Fiske, and J. D. Bremer; whereas, as has been said, the policy upon which suit is brought was executed by only two, to wit, Ring and Bremer. The defendant's contention is that the power was a joint power to these individuals which cannot be executed by less than all, and consequently that he is not liable upon a policy executed by only two of his attorneys.

[1] It is undoubtedly the general rule that a power of attorney given to two or more individuals will be presumed to be joint, unless the principal had indicated a different intention. Hawley v. Heeler, 53 N. Y. 116.

[2] The power of attorney in the present case consists of: (1) A statement of the parties to the power; (2) certain preambles describing the nature of the business to be done and the reasons why the subscribers have appointed attorneys in fact; and (3) 20 clauses setting forth the powers, duties, and obligations of the parties.

In these 20 clauses, which the Appellate Term describes as the operative clauses of the contract, the attorneys are always spoken of and referred to collectively, and, if the contract consisted only of these clauses, there would be much ground for the defendant's contention. It is plain, however, that when the contract, in its operative clauses, speaks of the "attorneys" as authorized to do certain things, including the issuance of policies, the reference is to the attorneys mentioned and described in the first clause of the contract which specifies and defines the parties to the power. The document, although the particular copy in evidence is signed only by defendant and the attorneys, is drawn as if it was to be signed by all the subscribers. Its first clause reads as follows:

·"Agreement made and entered into this 7th day of July, 1902, by and between the underwriters or subscribers at the New York & New England Underwriters at Lloyds of New York City, parties of the first part, and Charles E. Ring, John A. Fiske and J. D. Bremer, subscribers, underwriters and attorneys at New York & New England Underwriters at Lloyds of New York City, parties of the second part, *and by and between each of the parties of the first part, and by and between each of the parties of the second part.*"

The significant words in this clause are those which I have italicized, and which appear to be devoid of meaning and significance, unless they be construed to mean that each subscriber creates each attorney his attorney to act as authorized by the whole agreement, thus granting a joint and several power to the three persons named as attorneys. If this be the true meaning of the clause, as we consider that it is, it follows that the powers given in the later clauses of the document to the "attorneys" are intended to be given to them jointly and severally, and may be effectually exercised by less than the whole number. This is not a case of controlling clear operative clauses by an ambiguous recital, but a construction of an entire contract so as to give effect to the apparent intention of the parties. This, as we understand, is in accord with the construction given to the same power of attorney by the Appellate Division in the Second Department. Keuthen v. Elder, 129 App. Div. 921, 114 N. Y. Supp. 1132.

It follows that the determination of the Appellate Term must be reversed, with costs in this court and in the Appellate Term, and the judgment of the Municipal Court affirmed.

LAUGHLIN, CLARKE, and MILLER, JJ., concur.

INGRAHAM, P. J. (dissenting). I do not concur in the reversal of this judgment. The power of attorney is in the form of an agreement made between the underwriters who were the parties of the first part and the three attorneys who were the parties of the second part, and the agreement was made "by and between each of the parties of the first part, and by and between each of the parties of the second part," thus imposing an individual obligation upon each of the parties to the agreement which would be several as well as joint. When, however, it comes to the agreement part of the instrument, there is nothing to indicate that the parties intended that any one of the attorneys could act for and on behalf of the principals. Thus it is provided:

· "First. The parties of the first part shall, as attorneys for and in behalf of the subscribers and underwriters, * * * do a fire insurance business principally and all other form and kind of insurance by law permitted, which the said parties of the second part (the attorneys) may deem profitable, safe and prudent."

And in each one of the subsequent provisions where the attorneys are authorized to bind the principals they are described as the parties of the second part, and the authority which is given to the attorneys is always conferred upon the three individuals named as the attorneys. When, however, the instrument speaks of the principals,

it in each case describes them as individuals and not collectively. Thus in the fourth provision it is provided:

"The said subscribers, each for himself, agrees to pay," etc.

The fifth provision provides that:

"Each of the parties of the first part (the principals) hereby authorize and empower the parties of the second part (the agents) to do and perform for them and in their stead and in the name of the New York & New England Underwriters at Lloyds of New York City, any and every act or acts in relation to the writing, signing, renewing and endorsing any policy or contract of insurance accepted by them as attorneys for the New York & New England Underwriters at Lloyds of New York City, and to do and perform all acts and things necessary for the proportion of the business of the said New York & New England Underwriters at Lloyds of New York City, which either of the parties of the first part could for himself, herself or themselves perform, giving to the said parties of the second part as attorneys in fact of the parties of the first part full power and authority therefor."

I think that the whole agreement shows plainly upon its face that there was no authority conferred upon any one of these agents to contract on behalf of the principals, but the authority was vested in the three agents authorizing them to make a contract which would be binding upon the principals. There was no evidence in the record to show why all three of the agents did not act on behalf of the principals in making the contract sued on, and it seems to me that the principals had the right to the judgment of each of the agents, and that unless all three of them agreed as to placing insurance no valid contract of insurance was made.

I therefore think the court below was right in refusing to enforce the contract, and that the determination should be affirmed, with costs.